No. 31,088

THE STATE OF KANSAS, *Appellee,* v. F. C. SIEWERT, *Appellant.*

(50 P. 2d 932)

Opinion
filed November 9, 1935.

*Stanley Garrity* and *Alfred Kuraner,* both of Kansas City, Mo., for the appellant.

*Clarence V. Beck,* attorney general, *Earl B. Swarner,* assistant attorney general, *Forrest D. Smythe,* special assistant attorney general, and *John C. Foulks,* county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Appellant was found guilty of assault and battery and adjudged to pay a fine of $50 and costs. He has appealed, and contends the court erred in giving an instruction.

The charge was that on a day named, in Scott county, defendant did "unlawfully assault and beat one Paulina C. Tucker by then and there taking hold of her neck and shoulder with his hand and striking her in the stomach." The testimony on behalf of the prosecution tends to show that on the day in question defendant's hogs got out, went to the Tucker place, and injured one of Mrs. Tucker's pigs. She went to the place where appellant was at work and told him about it. He first sent his hired man to get his hogs, then concluded to go himself. When he got to the Tucker place he found his hogs shut up in an inclosed lot. Mrs. Tucker contended one of them had injured her pig, which cost her $4, and told defendant he could not take his hogs away until he paid for it. There was some argument. Defendant stopped talking and acted as though he was going away. He walked around behind Mrs. Tucker and grabbed her around her shoulders and neck, into her goiter, and hit her in the stomach with his elbow. She grabbed the fence. Defendant jerked the gate in between her limbs and bruised her knees, and went into the lot, got his hogs and drove them away. While there is some conflict in the testimony of the various witnesses, there is an abun-

dance of evidence to support the verdict of the jury. Indeed, no contention is made to the contrary.

Among others the court gave the jury the following instruction:

"3. You are further instructed that an assault and battery is any unlawful touching of the person of another by the aggressor himself, or any substance put in motion by him. The slightest unlawful touching of the person of another is an assault and battery.

"In this case if you find from the evidence, beyond a reasonable doubt, that the defendant did on the 1st day of August, 1931, in Scott county, Kansas, unlawfully touch the person of Paulina C. Tucker, then you will find the defendant guilty as charged in the complaint; but if you do not so find and believe from the evidence beyond a reasonable doubt, then you will find the defendant not guilty."

On this appeal the sole complaint concerns this instruction. Appellant contends it is erroneous and was prejudicial to him in these respects: (1) That it was broader in its scope than the specific offense charged; (2) that it is abstract and fails to advise the jury the elements of the offense charged; (3) that it inaccurately defines assault and battery; and (4) that it is confusing and misleading as to the degree of proof required in order for the jury to find "not guilty."

Obviously the first paragraph in this instruction is a definition of assault and battery. In this it follows the approved language of well-recognized authorities. (See 5 C. J. 715; 2 R. C. L. 525, and authorities there cited.) The second paragraph of the instruction applies the general definition to the charge and facts shown by the evidence in this case. We see nothing inaccurate in this application. Appellant complains that the word "unlawfully," as there used, was not defined. There is no contention on behalf of defendant that he acted in self-defense, or that he had any lawful right to do the thing which he was charged with doing; neither is there anything lacking in the degree of proof required. In other instructions the jury was told that the defendant was presumed to be innocent, that the burden was on the prosecution to prove his guilt beyond a reasonable doubt, and that term was defined. These instructions were full and complete, and no complaint is made of them. What is said in instruction No. 3, respecting proof beyond a reasonable doubt, should, of course, be read and interpreted with the other instructions given bearing upon that point.

We find no error in the record. The judgment of the court below is affirmed.